IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PINAY SUSAN POORE, ) | |
| AIS #259295, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:09-CV-537-ID |
| ) | [WO] |
| CYNTHIA WHEELER-WHITE, et al., ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause of action is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Pinay Susan Poore ["Poore"], a state inmate, on June 8, 2009.[1] In this petition, Poore challenges the amount of time-served credit awarded to her by the Circuit Court of Walker County, Alabama on a sentence imposed upon her in 2008 for manufacturing a controlled substance.

### DISCUSSION

This court "in the exercise of its discretion and in furtherance of justice" may transfer an application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" the petitioner. 28 U.S.C. § 2241(d). Poore contends the amount of time-served credit granted to her by the Circuit Court of Walker County, Alabama is incorrect and requests that such court be required to award her additional "credit for time out on bond...." *Petition*

---

[1] Although the Clerk of this court stamped the present petition "received" on June 9, 2009, Poore certified she "placed [the petition] in the prison mailing system on June 8, 2009." *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 15. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Poore] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers June 8, 2009 as the date of filing.

*for Writ of Habeas Corpus - Court Doc. No. 1* at 5. Poore also seeks "credit for the time [she] was on probation" and "jail credit for the 10 mos. [she] served on [a separate criminal conviction]." *Id.* at 7-8. Walker County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. In light of the foregoing, the court concludes that transfer of this case to such other court for review and disposition is appropriate.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that on or before June 29th, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also*

---

[2] In transferring the instant case, this court makes no determination regarding the merits of the petitioner's claims for relief nor whether the petitioner has exhausted available state court remedies prior to filing a federal habeas petition as required by 28 U.S.C. § 2244(b)(1)(A).

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 15th day of June, 2009.

/s/   Wallace Capel, Jr
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE